IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

THE ESTATE OF BETTY SUE DUNN GRAY, WILBURN GRAY
as administrator of the ESTATE OF BETTY SUE DUNN GRAY;

WILBURN GRAY, individually and on behalf of all
Wrongful death beneficiaries of BETTY SUE DUNN GRAY;

RONNIE BROWN, individually and on behalf of all
Wrongful death beneficiaries of BETTY SUE DUNN GRAY;

And WILLIAM BROWN, individually and on behalf of all
Wrongful death beneficiaries of BETTY SUE DUNN GRAY                    **PLAINTIFFS**

VS.                                                    CAUSE NO. 1:15cv17-GHD-SAA

SCOTT DALTON, individually and in his official capacity
as officer for the ALCORN COUNTY SHERIFF'S DEPARTMENT,
a political subdivision of ALCORN COUNTY, MISSISSIPPI;

CHARLES RINEHART, in his official capacity as SHERIFF OF
ALCORN COUNTY, MISSISSIPPI, a political subdivision of
ALCORN COUNTY, MISSISSIPPI and as supervisor of
SCOTT DALTON;

ALCORN COUNTY, MISSISSIPPI,
a political subdivision of the STATE OF MISSISSIPPI;

and JOHN DOES 1-10                                                     **DEFENDANTS**
_____

**COMPLAINT**
(JURY TRIAL DEMANDED)
_____

  **COME NOW**, the Plaintiffs, the Estate of Betty Sue Dunn Gray, Wilburn Gray, as administrator of the Estate of Betty Sue Dunn Gray, Wilburn Gray individually and on behalf of all wrongful death beneficiaries Betty Sue Dunn Gray, Ronnie Brown, individually and on behalf of all wrongful death beneficiaries Betty Sue Dunn Gray, and William Brown, individually and on behalf of all wrongful death beneficiaries of Betty Sue Dunn Gray, and

files this, their Complaint against the Defendants, and would show unto the Court the following in support thereof:

## I. PARTIES

1.

Plaintiff, Wilburn Gray is an adult resident citizen of the State of Mississippi. Wilburn Gray is a party to this suit in his individual capacity as spouse of Betty Sue Dunn Gray, deceased, as administrator of the Estate of Betty Sue Dunn Gray and as wrongful death beneficiary of Betty Sue Dunn Gray, deceased.

2.

Plaintiff Ronnie Brown is an adult resident citizen of the State of Mississippi. Ronnie Brown is a party to this suit in his individual capacity as the biological son of Betty Sue Dunn Gray, as an heir to the Estate of Betty Sue Dunn Gray, deceased, as wrongful death beneficiary and joins in the wrongful death action asserted by Wilburn Gray.

3.

Plaintiff William Brown is an adult resident citizen of the State of Mississippi. William Brown is a party to this suit in his individual capacity as the biological son of Betty Sue Dunn Gray, as an heir to the Estate of Betty Sue Dunn Gray, deceased, as wrongful death beneficiary and joins in the wrongful death action asserted by Wilburn Gray.

4.

Defendant, Scott Dalton, is a party to this suit in his individual capacity and official capacity as an employee of the Alcorn County Sheriff's Department, a political subdivision of

Alcorn County, Mississippi and may be served with process at his place of employment located at 2833 South Harper Road, Corinth, Mississippi 38834.

5.

Defendant, Charles Rinehart is a party to this suit in his official capacity as Sheriff of Alcorn County, Mississippi, a political subdivision of Alcorn County, Mississippi, and as supervisor of Scott Dalton and may be served with process at his place of employment located at 2833 South Harper Road, Corinth, Mississippi 38834.

6.

Defendant Alcorn County, Mississippi, is a political subdivision of the State of Mississippi and may be served with process through its agent for process, Bobby Marolt, at 501 Waldron Street, Corinth, Mississippi 38834.

7.

Defendants John Does 1-10 are other persons or entities who engaged in the tortuous conduct which is made the basis of the complaint and whose names and/or identities are yet unknown to the Plaintiffs.

## II. JURISDICTION AND VENUE

8.

This Court has jurisdiction of the case under 28 U.S.C. § 1331, federal question jurisdiction arising out of 42 U.S.C § 1983. This Court has jurisdiction over all non-federal question claims pursuant to 28 U.S.C. § 1367 as the other claims bear such close relation to the claims in the action within the original jurisdiction of this Court that it would have supplemental jurisdiction.

9.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) & (c), the general venue statute. The Defendants are a corporation, persons, foundations or other entities subject to personal jurisdiction doing business within this district and/or a substantial part of the events or omissions that give rise to the claims occurred in this district. The Defendants are subject to personal jurisdiction here at the time the action is commenced. This Court's contacts with the parties are sufficient to exercise *in personam* jurisdiction over all Defendants.

### III. NOTICE

10.

Plaintiffs sent Mississippi Tort Claim notice letters to the Defendants on October 17, 2014, pursuant to the provisions of M.C.A § 11-46-1. Accordingly, the Plaintiffs have fully complied with all provisions of the Mississippi Tort Claims Act. Because the Defendants have not accepted or rejected the Plaintiffs' claims since the service of the claims notice letters, the Plaintiffs' state law claims are ripe for adjudication.

### IV. FACTUAL BACKGROUND

11.

On December 23, 2013, Wilburn Gray called the Alcorn County Sheriff's Department to ask for assistance in removing Ronnie Brown from his premises, who was trespassing.

12.

Shortly thereafter, Scott Dalton, employed by Alcorn County as a Deputy Sheriff, and other unknown law enforcement officers, arrived at the Gray residence.

13.

Dalton approached the premises in his car, but turned off the headlights, did not turn on his blue lights, and did not otherwise announce his presence.

14.

Dalton pulled into the driveway and moved in stealth out of his car and into the Gray carport, without the consent of Wilburn Gray and without any notice to Wilburn Gray.

15.

Dalton, without justification or provocation, and without warning or notice to Wilburn Gray that any law enforcement officer was present, then removed his firearm and fired multiple rounds of .40 caliber bullets at Wilburn Gray and into the home of the Grays. Wilburn then fired back with a .22 caliber pistol he used to scare crows out of his pecan trees, but only thereafter did Dalton announce that he was there on behalf of the Alcorn County Sheriff's Department. The entire incident was recorded by the video and audio recorder in the Alcorn County law enforcement vehicles at the scene.

16.

Wilburn's wife, Betty Sue Dunn Gray, was seated inside the home and was hit in the neck by a .40 caliber bullet fired by Dalton.

17.

Wilburn was arrested and charged with assault on a police officer, even though Dalton had no cause to charge Wilburn and even though Dalton fired the first shot.

18.

Neither, Dalton, nor any member of the Alcorn County Sheriff's Department notified Wilburn Gray that his wife had been critically injured and was in ICU while Wilburn was wrongfully incarcerated for three days.

19.

Betty spent the next seven months in the ICU attempting to recover from the gunshot wound inflicted by Dalton, but ultimately passed away on July 29, 2014. Betty's treating physicians determined that the bullet fired into her neck was the .40 caliber bullet fired by Scott Dalton on December 23, 2013.

20.

The shooting of Betty Gray by Scott Dalton was an excessive and unnecessary use of deadly force in conscious disregard of substantial risk of harm to an innocent third party. Alternatively, Dalton's conduct was reckless and grossly negligent.

21.

On December 23, 2013, Sheriff Charles Rinehart was the supervisor of Scott Dalton.

22.

Rinehart failed to properly train Dalton, failed to properly supervise Dalton, failed to enact proper police procedure regarding the use of force and the use of deadly force, negligently hired Dalton and negligently retained Dalton.

23.

The death of Betty Dunn Gray was the result of deficient training and supervision and unconstitutional policies, practices and customs by Sheriff Charles Rinehart and Alcorn County, Mississippi, regarding the use of force and deadly force.

24.

As a result of the Defendants' acts and/or omissions, the Plaintiffs have lost the lifelong love, companionship and support of their spouse and mother, and have suffered emotional distress and mental anguish.

## V. CAUSES OF ACTION

### A.  EXCESSIVE FORCE

25.

The allegations of paragraphs 1 through 24 are repeated and incorporated in this Count as though fully copied therein.

26.

The Defendants' actions as stated above deprived Plaintiffs of their rights, privileges and immunities guaranteed by the Fourth Amendment and Fourteenth Amendment of the United States Constitution, giving rise to a cause of action pursuant to 42 U.S.C. § 1983 and remedies pursuant to 42 U.S.C. § 1988.

27.

The acts and/or omissions by each of the Defendants, as set forth above, constitute excessive force under Section 1983. Defendants' actions toward Plaintiffs caused more than a *de minimis* injury, which resulted directly and only from the use of force that was excessive to the need, and the force was objectively unreasonable. Defendants' force used against Plaintiffs was malicious and sadistic, designed for the purpose of causing harm and injury and in conscious disregard of substantial risk of harm to an innocent third party.

28.

Defendants used their authority to create a dangerous environment for Plaintiffs and, in doing so, Defendants acted with deliberate indifference to the plight of the Plaintiffs. Defendants had an affirmative duty of care and protection due to the fact that they were acting through the state in their exercise of powers to restrain Plaintiffs' freedom to act on their own behalf. Plaintiffs had a substantive due process right to be free from state-occasioned bodily harm as inflicted by Defendants.

29.

Defendants denied Plaintiffs their substantive due process rights by acting with deliberate indifference to their rights and safety at a time when they knew, or should have known, that their actions would result in serious bodily harm to Plaintiffs.

### B. SUBSTANTIVE DUE PROCESS – LOSS OF FAMILY RELATIONSHIPS

30.

The allegations of paragraphs 1 through 29 are repeated and incorporated in this Count as though fully copied therein.

31.

The Defendants' acts and/or omissions caused the death of Betty Sue Dunn Gray and deprived the Plaintiffs of their liberty interest in their family relationships with their spouse and mother in violation of their substantive due process rights.

32.

Defendants' actions toward Plaintiffs caused more than a *de minimis* injury, which resulted directly and only from the use of force that was excessive to the need, and the force was objectively unreasonable. Defendants' force used against Plaintiffs was malicious and sadistic, designed for the purpose of causing harm and injury and in conscious disregard of substantial risk of harm.

### C. UNCONSTITUTIONAL PRACTICES – DE FACTO POLICY

33.

The allegations of paragraphs 1 through 32 are repeated and incorporated in this Count as though fully copied therein.

34.

The Defendants' acts and/or omissions were the direct and proximate result of the customs, practices, and/or de facto policies of Charles Rinehart and Alcorn County, Mississippi.

35.

These customs, practices and de facto policies include an ongoing pattern of deliberate indifference to the excessive use of force and deadly force.

36.

Charles Rinehart and Alcorn County, Mississippi exercised an indifference to widespread incompetence and misbehavior which is reckless, grossly negligent and rises to a level greater than a failure to train.

### D. SUPERVISOR LIABILITY

37.

The allegations of paragraphs 1 through 36 are repeated and incorporated in this Count as though fully copied therein.

38.

The Defendants' acts and/or omissions were encouraged, ratified and approved by Charles Rinehart and Alcorn County, Mississippi, who failed to properly train and supervise the Defendants.

39.

Defendants Charles Rinehart and Alcorn County, Mississippi, failed to provide adequate training and supervision to its officers in circumstances arising in the course of responding to reports of alleged disturbances as occurred at the time of the incident which caused the death of Betty Sue Dunn Gray.

40.

Charles Rinehart and Alcorn County, Mississippi knew the Defendant's conduct was unjustified and would result in violations of constitutional rights.

41.

Said customs, policies and/or practices were a direct and proximate cause of the Plaintiffs' injuries and the death of Betty Sue Dunn Gray.

### E. NEGLIGENCE AND GROSS NEGLIGENCE

42.

The allegations of paragraphs 1 through 41 are repeated and incorporated in this Count as though fully copied therein.

43.

The above and foregoing actions of the Defendants were grossly negligent and performed in a reckless and wanton manner which gives rise to a cause of action for gross negligence.

44.

Defendants owed a duty to the Plaintiff to act reasonably and prudently under the circumstances.

45.

Defendants breached this duty which caused damages to the Plaintiffs.

46.

By way of alternative pleading, the Plaintiffs allege that Defendants' acts and/or omissions were negligent.

## F. WRONGFUL DEATH

47.

The allegations of paragraphs 1 through 46 are repeated and incorporated in this Count as though fully copied therein.

48.

Defendants' acts and/or omissions, give rise to a cause of action for wrongful death pursuant to the Mississippi Wrongful Death Statute, M.C.A. 11-7-13, which cause of action is stated on behalf of the Plaintiffs and wrongful death beneficiaries of Betty Sue Dunn Gray.

## G. INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

49.

The allegations of paragraphs 1 through 48 are repeated and incorporated in this Count as though fully copied therein.

50.

The acts and/or omissions by the Defendants, and each of them, as set forth above were so willful, wanton and grossly negligent as to show an utter indifference to the consequences of its actions and a reckless disregard for the rights of the Plaintiffs which was so outrageous in character and so extreme in degree as to go beyond all bounds of decency and civilized conduct. The Defendants knew, or should have known, that their actions would evoke outrage or revulsion resulting in severe emotional distress and anxiety on the part of the Plaintiffs. As a direct and proximate result of Defendants' willful, wanton and grossly negligent acts, the Plaintiffs were injured and damaged as alleged herein.

## VI. DAMAGES

51.

Plaintiffs, as the wrongful death beneficiaries of Betty Sue Dunn Gray are legally entitled under the Mississippi Wrongful Death Statute, M.C.A., § 11-7-13, to recover in this action all damages for all wrongful death beneficiaries of Betty Sue Dunn Gray whose death was legally and proximately caused by the acts and/or omissions of the Defendants.

52.

At the time of her death, Betty Sue Dunn Gray was sixty-six (66) years of age and in good health. She was a loving mother, a role model to her family and a provider for her family. Wilburn Gray, Ronnie Brown and William Brown and the members of their family were looking forward, prior to her tragic and untimely death, to many more productive years of companionship and support from Betty Sue Dunn Gray.

53.

At the time of her death, Betty Sue Dunn Gray had a life expectancy of 19.4 years according to the National Center for Health Statistics U.S. Life Tables.

54.

As a result of the aforementioned acts and/or omissions, Defendants are liable for all elements of damages arising from the Decedent's wrongful death, including:

   a.   damages for the physical pain and suffering of Betty Sue Dunn Gray between the time of her injury and death;

   b.   damages for mental anguish and horror suffered by Betty Sue Dunn Gray;

   c.   damages for the substantial losses of financial support and maintenance which Betty Sue Dunn Gray provided and would have continued to provide to the Plaintiffs and the wrongful death beneficiaries;

    d.       damages for the loss of protections and consortium which Plaintiffs and the wrongful death beneficiaries sustained and the economic losses suffered by the heirs and wrongful death beneficiaries;

    e.       damages for the loss of love, companionship, society, advice and care of Betty Sue Dunn Gray, the Plaintiffs and wrongful death beneficiaries suffered and will suffer in the future;

    f.       damages for the funeral expenses resulting from the death of Betty Sue Dunn Gray;

    g.       damages for the value of the life of Betty Sue Dunn Gray;

    h.       damages for all other losses, both economic and intrinsic and tangible and intangible arising from the death of Betty Sue Dunn Gray;

    i.       past pain and suffering;

    j.       past medical expenses;

    k.       extreme mental anguish;

    l.       extreme emotional distress;

    m.       statutory damages pursuant to 42 U.S.C. § 1983;

    n.       attorneys' fees pursuant to 42 U.S.C. § 1988; and

    o.       other damages to be shown during discovery and at trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment from the Defendants which includes all attorneys' fees and costs, statutory damages and punitive damages sufficient to punish and deter such willful, wanton, and/or negligent actions by the Defendants in the future and to discourage others from a similar course of irresponsible conduct.

**RESPECTFULLY SUBMITTED**, this the 21st day of January, 2015.

                                        By:  /s/ Justin S. Cluck
                                              JUSTIN S. CLUCK, MSB#100733
                                              Attorneys for the Plaintiffs

SMITH WHALEY, P.L.L.C.
P.O. DRAWER 849
HOLLY SPRINGS, MISSISSIPPI 38635
(662) 252-3003 telephone
(662) 252-3006 facsimile
jcluck@smithwhaley.org email