IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ESTATE OF BETTY SUE DUNN GRAY,
Wilburn Gray as administrator of the Estate
of Betty Sue Dunn Gray; and WILBURN GRAY,
RONNIE BROWN, and WILLIAM BROWN, all
individually and on behalf of all wrongful death
beneficiaries of Betty Sue Dunn Gray                                     PLAINTIFFS

v.                                                       CIVIL ACTION NO. 1:15-cv-00017-GHD-SAA

SCOTT DALTON, individually and in his
official capacity as Sheriff of Alcorn County,
Mississippi, a political subdivision of Alcorn
County, Mississippi and as supervisor of Scott
Dalton; ALCORN COUNTY, MISSISSIPPI, a
political subdivision of the State of Mississippi; and
JOHN DOES 1–10                                                          DEFENDANTS

## MEMORANDUM OPINION DENYING
## PLAINTIFFS' MOTION TO REOPEN CASE AND CONSOLIDATE CASES

Presently before the Court is Plaintiffs' motion [17] to reopen the case *sub judice*, case number 1:15-cv-00017-GHD-SAA, and consolidate it with a later-filed case, case number 1:15-cv-00061-SA-DAS. Upon due consideration, the Court finds that the motion is not well taken.

On January 21, 2015, Plaintiffs, the Estate of Betty Sue Dunn Gray, Wilburn Gray, Ronnie Brown, and William Brown ("Plaintiffs"), filed the instant action, 1:15-cv-00017-GHD-SAA, against Defendants, Scott Dalton, Sheriff Charles Rinehart, and Alcorn County, Mississippi ("Defendants"), wherein Plaintiffs asserted federal claims under 28 U.S.C. § 1983, including excessive force under the Fourth and Fourteenth Amendments, substantive due process under the Fourteenth Amendment, failure to train, and supervisory liability, *inter alia*, as well as state law claims for negligence, gross negligence, wrongful death, intentional and/or negligent infliction of emotional distress, and damages under the Mississippi Wrongful Death Statute—all stemming

1

from the death of Betty Sue Dunn Gray on July 29, 2014. Defendants did not file an answer to the complaint. The Clerk of Court entered default. Subsequently, Plaintiffs filed a motion for default judgment [11] and a motion for a hearing [12] on the same. On February 24, 2015, the Court set a hearing on the motion for default judgment [11]. Shortly thereafter, the parties requested that the hearing be canceled in order for the parties to work on an alternative disposition of the case. On March 2, 2015, Plaintiffs filed a notice of voluntary dismissal [16] without prejudice of all claims against Defendants. The case was closed.

On that same day, Plaintiffs filed an action in state court against Defendants alleging state-law claims for negligence, gross negligence, wrongful death, intentional and/or negligent infliction of emotional distress, damages under the Mississippi Wrongful Death Statute, and apparently, also, a claim for supervisory liability. Defendants removed that case to federal court, and it was assigned to the Honorable Sharion Aycock with the case number 1:15-cv-00061-SA-DAS. Defendants then filed an answer [10] to the complaint [2].

On May 8, 2015—sixty-seven days after the case *sub judice* was dismissed without prejudice—Plaintiffs filed a motion to reopen case number 1:15-cv-00017-GHD-SAA and consolidate with the later-filed case number 1:15-cv-00061-SA-DAS. *See* [17 in 1:15-cv-00017-GHD-SAA; 11 in 1:15-cv-00061-SA-DAS]. In the identical motions, Plaintiffs request that the Court reopen the case *sub judice* and consolidate the two cases to allow Plaintiffs to assert all federal causes of action urged in the initial case together with those causes of action alleged in the subsequent case.

Defendants filed a response in opposition to the motion in each case. *See* [18 in 1:15-cv-00017-GHD-SAA; 14 in 1:15-cv-00061-SA-DAS]. In their identical responses, Defendants maintain that they would not oppose Plaintiffs filing an amended complaint in the subsequent

2

case adding the federal claims asserted in the initial case, but that Defendants do not believe that reopening the initial dismissed lawsuit and consolidating it with the subsequent lawsuit would be the most economical and efficient way to proceed, as the same would require the parties and Court to deal with two versions of Plaintiffs' complaint.

Because Plaintiffs have not filed a reply and the time for doing so has now passed, the matter is now ripe for review. The Court finds as follows.

Rule 41 of the Federal Rules of Civil Procedure provides that a "plaintiff may dismiss an action without a court order by filing[ ] a notice of dismissal before the opposing party serves . . . an answer" and "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(A)(i), (B). "If a plaintiff voluntarily dismisses an action without prejudice, it is considered that the suit had never been filed. For purposes of the statute of limitations, the plaintiff receives no credit or tolling for the time that elapsed during the pendency of the original suit. Furthermore, a court may not reinstate a suit after a voluntary dismissal if the statute of limitations has run in the interim." *Ford v. Sharp*, 758 F.2d 1018, 1023–1024 (5th Cir. 1985) (internal citations omitted). And "[a]ny future lawsuit based on the same claim is an entirely new lawsuit unrelated to the earlier, dismissed action." 35B C.J.S. *Federal Civil Procedure* § 769 (citing *City of S. Pasadena, Calif. v. Mineta*, 284 F.3d 1154 (9th Cir. 2002)).

Plaintiffs' Rule 41(a)(1)(A) voluntary dismissal without prejudice was a "final proceeding" under Rule 60(b). *See Yesh Music v. Lakewood Church*, 727 F.3d 356, 357–58 (5th Cir. 2013). Accordingly, although Plaintiffs styled the present motion as a motion to reopen the case and consolidate it with the subsequently filed case, Rule 60(b) applies and "empowers the district court to grant relief because of a mistake, surprise, newly discovered evidence, fraud, or a void or discharged judgment," and in particular, "[Rule] 60(b)(6) permits vacatur for any other

3

reason that justifies relief.' " *See id.* at 363. The only possible ground for vacatur of the voluntary dismissal would be one under Rule 60(b)(6). However, the Fifth Circuit has "narrowly circumscribed [Rule 60(b)(6)'s] availability," holding that such relief "will be granted only if extraordinary circumstances are present." *Batts v. Tow–Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995). "Accordingly, Rule 60(b)(6) requires a showing of 'manifest injustice' and will not be used to relieve a party from the 'free, calculated, and deliberate choices he has made.' " *Yesh Music*, 727 F.3d at 363 (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350 (5th Cir. 1993)).

Plaintiffs have failed to demonstrate "extraordinary circumstances" or "manifest injustice" that would justify vacating the dismissal of the case *sub judice*. From a practical standpoint, if the Court granted the motion to reopen the case *sub judice*, Plaintiffs' federal claims would be deemed filed on the date the case was reopened; alternatively, if the Court denied the motion to reopen and Plaintiffs amended their complaint in the subsequent action, Plaintiffs' claims would be deemed filed on the date the amended complaint was filed. Because Defendants agree to allow Plaintiffs to amend their complaint in the subsequent action to include claims pled in the instant case, it is clear that no "manifest injustice" will result if the dismissal stands. It is also clear that if the Court granted the motion, reopened the instant case, and consolidated the two cases, as Defendants urge, the Court and parties would be forced to deal with two separate complaints instead of one amended complaint encompassing all claims. Finally, it is clear that no "extraordinary circumstances" are present that would justify the relief requested, which is essentially relief from Plaintiffs' own choice to voluntarily dismiss the instant case. Because this request is improper under Rule 60(b) and would serve no purpose otherwise, the Court finds the motion to reopen and consolidate cases must be denied.

4

ACCORDINGLY, Plaintiffs' motion to reopen and consolidate cases [17 in 1:15-cv-00017-GHD-SAA] is DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the 9th day of June, 2015.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE